FILED

2021 Apr-28  AM 10:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

PFE/LCP/DBL
GJ # 12 (May 2021)

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA JASPER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. _____** |
| | ) | |
| **PHILLIP ANTHONY MINGA** | ) | **18 U.S.C. §§ 2, 1343, 1347,** |
| | ) | **and 1349** |

## INDICTMENT

The Grand Jury charges that:

At all times relevant to this Indictment:

## INTRODUCTION

### I.    The Medicare Program and Medicare Part D

1.    The Medicare Program ("Medicare") is a federal health-insurance program that provides medical benefits, items, and services to beneficiaries: (1) aged 65 and older, (2) under 65 with certain disabilities, and (3) of all ages with end-stage renal disease (permanent kidney failure requiring dialysis or a kidney transplant).

2.    The Centers for Medicare and Medicaid Services ("CMS") is an agency of the U.S. Department of Health and Human Services and is a federal government body responsible for the administration of Medicare.

3.     The Medicare programs cover different types of benefits that are separated into different program parts.

4.     Medicare Part D, also called the Medicare prescription drug benefit, is a program that covers prescription drugs.  Medicare beneficiaries obtain Part D benefits in two ways: (a) by joining a prescription drug plan, which covers only prescription drugs, or (b) by joining a Medicare Advantage Plan, which covered both prescription drugs and medical services (collectively, "the Medicare Plans").  The Medicare Plans are operated by private companies, often referred to as drug plan sponsors, that are approved by Medicare.

5.     Medicare and individual Medicare drug plan sponsors are "health care benefit programs," as defined by Title 18, United States Code, Section 24(b).

6.     A pharmacy can participate in the Medicare Part D program by entering into an agreement: (a) directly with a prescription drug plan; (b) with one or more Pharmacy Benefit Managers ("PBMs"); or (c) with a Pharmacy Services Administration Organization ("PSAO").  A PBM acts on behalf of one or more prescription drug plans.  Through a prescription drug plan's PBM, a pharmacy can join a prescription drug plan's network.  A PSAO contracts with PBMs on behalf of the pharmacy.

7.     CMS assigns pharmacies a national provider identifier number ("NPI").

2

A pharmacy dispensing medications to a beneficiary uses its assigned NPI number when submitting a claim for reimbursement under Medicare Part D.

8.     Typically, a beneficiary enrolled in a Medicare prescription drug plan obtains prescription medications from a pharmacy enrolled in the beneficiary's prescription drug plan.   After filling a beneficiary's prescription, the pharmacy submits the claim electronically either directly to a prescription drug plan or to a PBM that represents the prescription drug plan.   The pharmacy provides, among other things, the beneficiary's identification number and the pharmacy's NPI number with the claim.   Then, the prescription drug plan or PBM, either directly or indirectly, reimburses the pharmacy for the claim.

## II.     Exclusion from Medicare

9.     The Department of Health and Human Services, Office of Inspector General (HHS OIG) has the authority to exclude medical providers and related individuals from Medicare if they fail to disclose required material information.

10.     Once excluded, an individual may not serve in an executive or leadership role at a provider that furnishes items or services payable by Medicare. Also, an excluded individual may generally not provide other types of administrative and management services, such as information technology services and support, strategic planning, billing and accounting, staff training, and human resources.

3

11.     HHS OIG maintains a List of Excluded Individuals/Entities that identifies all currently excluded individuals and entities.  HHS OIG recommends that healthcare entities routinely check the List of Excluded Individuals/Entities to ensure that new hires and current employees are not on it because employers risk liability for employing excluded individuals. Access to this list is free and available online.

## III.   Defendant MINGA

12.     Defendant **PHILLIP ANTHONY MINGA** is a resident of Mississippi and has operated pharmacies in Alabama, Mississippi, and Arkansas.

### A.     Defendant MINGA's Prior Criminal Conviction

13.     On May 27, 2008, defendant **MINGA** was charged in federal district court in the Northern District of Mississippi with wire fraud related to the sale of insurance, in Case Number: 08-cr-00052-MPM-DAS.

14.     On April 5, 2010, defendant **MINGA** entered a guilty plea to the charge of wire fraud.

15.     On November 18, 2010, defendant **MINGA** was sentenced by the court to three years' probation.

### B.     Defendant MINGA's Exclusion from Medicare

16.     At the time defendant **MINGA** was charged, he had managing control

of a durable medical equipment supplier called Medpoint. Medpoint, at that time, was operating in Amory, Mississippi and was enrolled in Medicare.

17.     After defendant **MINGA** pled guilty and was sentenced, neither he nor anyone else with Medpoint updated Medpoint's Medicare enrollment information to notify CMS of defendant **MINGA's** conviction, which they were required to do.

18.     Following an investigation by HHS OIG, on October 17, 2016, defendant **MINGA** entered into an Exclusion Agreement with HHS OIG in which defendant **MINGA** agreed to an exclusion from Medicare for ten years.

19.     The exclusion agreement provided that Medicare would not pay claims submitted by anyone who employed defendant **MINGA** in a management or administrative role.

20.     The exclusion agreement further provided that defendant **MINGA** would hold Medicare harmless for any financial responsibility for claims submitted by any entity that employed him in a management or administrative role.

21.     The exclusion agreement further stated defendant **MINGA** "understands that violations of the conditions of exclusion may subject him to criminal prosecution."

22.     In executing the exclusion agreement, defendant **MINGA** acknowledged having knowledge of its contents and that he entered into it

voluntarily and with advice of counsel.

## Count One
### [Conspiracy: 18 U.S.C. § 1349 (18 U.S.C. § 1343 and 1347)]

23.     Paragraphs 1 to 22 of this Indictment are fully incorporated as though set forth herein.

## THE CONSPIRACY

24.     Beginning at least in or about October 2016 and continuing until at least in or about September 2019, the exact dates being unknown, within Walker County in the Northern District of Alabama, and elsewhere, defendant **PHILLIP ANTHONY MINGA** knowingly and willfully conspired, combined, and agreed with those known and unknown to the Grand Jury:

   a)     to execute and attempt to execute a scheme and artifice to defraud health care benefit programs affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, the Medicare program and Medicare drug plan sponsors, to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery and payment for health care benefits, items, and services in violation of Title 18, United States Code, Section 1347; and

   b)     to devise and intend to devise a scheme and artifice to defraud the Medicare program and Medicare drug plan sponsors, and others, and to obtain money and property belonging to others by means of materially false and fraudulent pretenses, representations, and promises by use of interstate wire transmissions, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

6

25.    It was the object of the conspiracy for defendant **PHILLIP ANTHONY MINGA** and other co-conspirators known and unknown to the grand jury to unlawfully enrich themselves by concealing from Medicare and Medicare drug plan sponsors defendant **MINGA's** ownership interests and managerial roles in multiple pharmacies and by submitting claims to Medicare and Medicare drug plan sponsors for reimbursement to which those pharmacies were not entitled due to defendant **MINGA's** involvement with the pharmacies.

## MANNER AND MEANS OF THE CONSPIRACY

26.    It was a part of the conspiracy that defendant **MINGA**, once excluded from Medicare, continued to bill Medicare and Medicare drug plan sponsors by submitting and causing the submission of claims under NPI numbers registered to multiple pharmacies that defendant **MINGA** had an ownership and managerial interest in, including Bowie's Priority Care Pharmacy, LLC, Vickers Pharmacy, and others.

27.    It was a further part of the conspiracy that defendant **MINGA** and other co-conspirators failed to disclose to Medicare, Medicare drug plan sponsors, and other regulatory authorities that defendant **MINGA** had ownership interests and managerial roles in these pharmacies.

7

28.    It was a further part of the conspiracy that the defendant **MINGA** and other co-conspirators used electronic claims systems to submit claims to Medicare and Medicare drug plan sponsors by interstate wire transmission.

29.    It was a further part of the conspiracy that in violation of his exclusion agreement, from October 2016 to September 2019, defendant **MINGA** caused Medicare and Medicare drug plan sponsors to pay millions of dollars in total to multiple pharmacies, including Bowie's Priority Care Pharmacy, LLC and Vickers Pharmacy, for items, including administrative and managerial services, that defendant **MINGA** furnished or ordered while serving as owner, employee, administrator, and in other capacities at these pharmacies.

All in violation of Title 18, United States Code, Section 1349.

### **Counts 2 through 5**
[Health Care Fraud: 18 U.S.C. § 1347]

30.    Paragraphs 1 to 22 of this Indictment are fully incorporated as though set forth herein.

31.    Beginning at least in or about October 2016 and continuing until at least in or about September 2019, the exact dates being unknown, within Walker County in the Northern District of Alabama, and elsewhere, defendant **PHILLIP ANTHONY MINGA** did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud health care benefit programs affecting commerce, as

defined in Title 18, United States Code, Section 24(b), that is, Medicare and Medicare drug plan sponsors, and others, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of these and other health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services.

## PURPOSE OF THE SCHEME AND ARTIFICE

32.    Paragraph 25 of this Indictment is realleged and incorporated by reference as though fully set forth herein as the description of the purpose of the health care fraud scheme and artifice.

## THE SCHEME AND ARTIFICE

33.    Paragraphs 26 to 29 of this Indictment are hereby incorporated by reference as though fully set forth herein, with the words "scheme and artifice" replacing "conspiracy" in the first sentence of each paragraph.

## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

34.    On or about the dates set forth below for each Count listed in the table below, each such date constituting a separate count of this Indictment, in Walker County, within the Northern District of Alabama, and elsewhere, defendant **PHILLIP ANTHONY MINGA**, in connection with the delivery of and payment

for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute the above-described scheme and artifice to defraud health care benefit programs affecting commerce, that is, Medicare and Medicare drug plan sponsors, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises (including that the prescriptions were medically necessary), money and property owned by, and under the custody and control of, Medicare and Medicare drug plan sponsors.

35.    The allegations of paragraphs 31 to 34 above are realleged for each of Counts 2 through 5 below, as though fully set forth therein, when, on or about the dates set forth below in the table below, defendant **PHILLIP ANTHONY MINGA** did cause the submission of prescription payment claims through certain pharmacies that Minga managed or controlled to Medicare and Medicare drug plan sponsors, and cause the payment of these prescription claims by Medicare and Medicare drug plan sponsors (with the Medicare drug plan sponsor listed in a parenthetical) of the following:

| Count | RX # | Patient Initials | Healthcare Benefit Program | Approx. Date Submitted | Pharmacy |
|-------|------|------------------|----------------------------|------------------------|----------|
| 2 | 6090016 | R.F. | Medicare (Excellus Health Plan) | February 17, 2017 | Vickers Pharmacy |
| 3 | 6106146 | R.F. | Medicare (Excellus Health Plan) | April 20, 2017 | Vickers Pharmacy |
| 4 | 6137846 | H.A. | Medicare (CareSource) | August 28, 2017 | Vickers Pharmacy |

| Count | RX # | Patient Initials | Healthcare Benefit Program | Approx. Date Submitted | Pharmacy |
|-------|------|------------------|---------------------------|------------------------|----------|
| 5 | 760031173 | M.T. | Medicare (Care Improvement Plus) | January 24, 2018 | Bowie's Priority Care Pharmacy, LLC |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## **Counts 6 through 8**
[Wire Fraud: 18 U.S.C. § 1343]

36.     Paragraphs 1 to 22 of the Introduction to this Indictment are fully incorporated as though set forth herein.

37.     Beginning at least in or about October 2016 and continuing until at least in or about September 2019, the exact dates being unknown, within Walker County in the Northern District of Alabama, and elsewhere, defendant **PHILLIP ANTHONY MINGA,** having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purposes of executing such scheme and artifice, that is, defendant **PHILLIP ANTHONY MINGA** caused to be transmitted by means of wire prescription claims to Medicare and Medicare drug plan sponsors.

11

## PURPOSE OF THE SCHEME AND ARTIFICE

38.     Paragraph 25 of this Indictment is realleged and incorporated by reference as though fully set forth herein as the description of the purpose of the mail fraud scheme and artifice.

## THE SCHEME AND ARTIFICE

39.     Paragraphs 26 to 29 of this Indictment are hereby incorporated by reference as though fully set forth herein, with the words "scheme and artifice" replacing "conspiracy" in the first sentence of each paragraph.

## THE WIRES

40.     The allegations of paragraphs 37 to 39 of this Indictment are realleged as though fully set forth herein.

41.     On or about the dates specified in the table below, each such date constituting a separate count of the Indictment, in Walker County, within the Northern District of Alabama, and elsewhere, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, defendant **PHILLIP ANTHONY MINGA** knowingly transmitted or caused to be transmitted by means of wire, in interstate commerce, writings, signs, and signals for the purpose of executing the above scheme or artifice:

| Count | RX # | Patient Initials | Healthcare Benefit Program | Approx. Date Submitted | Pharmacy |
|---|---|---|---|---|---|
| 6 | 6143018 | J.S. | Medicare (UnitedHealthcare) | June 6, 2017 | Bowie's Priority Care Pharmacy, LLC |
| 7 | 760032109 | W.H. | Medicare (UnitedHealthcare) | February 22, 2018 | Bowie's Priority Care Pharmacy, LLC |
| 8 | 760032109 | W.H. | Medicare (UnitedHealthcare) | May 1, 2018 | Bowie's Priority Care Pharmacy, LLC |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## NOTICE OF FORFEITURE

1.      The allegations in Count One through Eight of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.      Upon conviction of the offenses set forth in Counts One through Eight of this Indictment, the defendant

### PHILLIP ANTHONY MINGA,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the health care fraud offenses charged in Counts One through Eight of this Indictment.

3.      The property to be forfeited includes but is not limited to a forfeiture money judgment.

4.      If any of the property described above, as a result of any act or omission of the defendant:

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the court;
>
> d.  has been substantially diminished in value; or

14

      e. has been commingled with other property which cannot be

         divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

28, United States Code, Section 2461(c).

      All pursuant to 18 U.S.C. § 982(a)(7).

A TRUE BILL


*/s/ Electronic Signature*
FOREPERSON OF THE GRAND JURY


                    PRIM F. ESCALONA
                    United States Attorney

                    */s/ Electronic Signature*
                    LLOYD C. PEEPLES, III
                    Assistant United States Attorney

                    */s/ Electronic Signature*
                    DON B. LONG
                    Assistant United States Attorney